Sukhram v Forest City Myrtle Assoc., LLC (2024 NY Slip Op 04996)

Sukhram v Forest City Myrtle Assoc., LLC

2024 NY Slip Op 04996

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-02348
 (Index No. 17007/11)

[*1]Madho Sukhram, plaintiff, 
v
Forest City Myrtle Associates, LLC, defendant second third-party plaintiff-appellant; New York State Industries for the Disabled, Inc., second third-party defendant- respondent (and other third-party actions).

Newman Myers Kreines Harris P.C., New York, NY (Matthew D. Lavoie of counsel), for defendant second third-party plaintiff-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant second third-party plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 16, 2022. The order, insofar as appealed from, granted that branch of the motion of the second third-party defendant which was for summary judgment dismissing the second third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while transporting a cart loaded with boxes down a loading dock ramp at property owned by the defendant second third-party plaintiff, Forest City Myrtle Associates, LLC (hereinafter Forest City). At the time of the accident, the plaintiff was employed as a messenger for Goodwill Industries of Greater New York & Northern New Jersey, a member organization of the second third-party defendant, New York State Industries for the Disabled, Inc. (hereinafter NYSID). The plaintiff's work was being performed pursuant to a contract between NYSID and the third-party defendant, City of New York, whereby NYSID was to perform messenger services for the City (hereinafter the messenger contract).
The plaintiff commenced this action to recover damages for personal injuries against Forest City, and Forest City commenced a second third-party action against NYSID, inter alia, for contractual indemnification. Forest City alleged that it was an intended third-party beneficiary of the messenger contract. NYSID moved, among other things, for summary judgment dismissing the second third-party complaint. By order dated February 16, 2022, the Supreme Court, inter alia, granted that branch of NYSID's motion. Forest City appeals.
"A party asserting rights as a third-party beneficiary 'must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost'" (Merlino v Knudson, 214 AD3d 642, 644, quoting Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786). "'[A]n intent to benefit the third party must be shown, and, absent such intent, the third party is [*2]merely an incidental beneficiary with no right to enforce the particular contracts'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 699, quoting Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655).
Here, NYSID demonstrated, prima facie, that the messenger contract with the City was not intended to benefit Forest City and that any such benefit was merely incidental. NYSID established that this was not a case in which the third party, Forest City, was "the only one who could recover for the breach of contract" and that there was no language in the messenger contract evincing any intent to permit Forest City to enforce it (id. [internal quotation marks omitted]; see Merlino v Knudson, 214 AD3d at 644). In opposition, Forest City failed to raise a triable issue of fact.
Forest City's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of NYSID's motion which was for summary judgment dismissing the second third-party complaint.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court